IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ANDREW ALEXANDER and HEIDI MACDONELL,<br><br>Plaintiffs,<br><br>v.<br><br>AVENUE5 RESIDENTIAL, LLC, KQ BOZEMAN HARMON STREAM LLC,<br><br>Defendants. | Case No. 2:26-CV-0041-JTJ<br><br>**MEMORANDUM AND ORDER** |

## I. INTRODUCTION

Plaintiffs Andrew Alexander and Heidi MacDonell (Plaintiffs) filed a pro se Complaint against Defendants Avenue5 Residential, LLC (Avenue5) and KQ Bozeman Harmon Stream LLC (KQ) (collectively Defendants) alleging claims under the Fair Housing Act, 42 U.S.C. § 3601-3619 (Doc. 1), including Count I: Failure to Make Reasonable Accommodation, in violation of 42 U.S.C. § 3604(f)(3)(B); Count II: Discriminatory Terms and Conditions, in violation of 42 U.S.C. § 3604(f)(2); Count III: Interference and Retaliation, in violation of 42 U.S.C.§ 3617; and Count IV: Disparate Impact. (Id, pp. 2-4).

On June 23, 2026, Defendants filed a Joint Motion to Dismiss Plaintiffs' Complaint under Fed. R. Civ. 12(b)(6) and briefs in support contending Plaintiffs' claims are precluded by res judicata and collateral estoppel. (Docs. 13, 14, and 18). Plaintiffs oppose the motion.

(Doc. 15).

## II. BACKGROUND

KQ owns a residential apartment complex in Bozeman Montana, known as The Edison at Bozeman Gateway. (Doc. 14, p. 2). Avenue5 acts as the property manager for KQ. (Id). On April 5, 2025, Plaintiffs entered an Apartment Lease Contract (Lease) with Avenue5, acting on behalf of KQ. (Id.). The Lease provided that "all residents, regardless of whether they have a pet, assistance animal, or no pet, are required to complete a pet profile on Petscreening.com." (Id., p. 3). Plaintiffs failed to complete the Petscreening.com profile. (Id.).

On May 22, 2025, Avenue5 filed a Complaint for Possession in the Gallatin County Justice Court of Record. (Underlying Action) (Id.). Plaintiffs filed an Answer and Motion to Dismiss, contending that the Fair Housing Act (FHA) codified at 42 U.S.C. §§ 3601-3619, prohibits the use of third-party registries for Emotional Support Animals (ESA). (Id.). On June 3, 2025, following a hearing, the Justice Court entered Findings of Fact, Conclusions of Law, and Order of Possession, which included the statement that Avenue5's requirement to have all tenants complete a screening for animals was neither retaliatory nor discriminatory. (Id., p. 4).

On September 22, 2025, the Justice Court entered a Final Judgment, granted possession of the property to Avenue5 and awarded damages, attorney fees and costs in the amount of $15,755.11. (Id., pp. 4-5). On October 5, 2025, Plaintiffs filed a Notice of

Appeal. (Id., p. 5). Montana's Eighteenth Judicial District Court dismissed Plaintiffs' appeal for failing to file a written undertaking as Mont. Code Ann. § 25-33-201(1) requires. (Id., p. 5, Exhibit G). The District Court also denied Plaintiffs' motion for reconsideration. (Id., Exhibit H).

## III. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li .v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the motion to dismiss stage, the Court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018).

However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Additionally, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

On a motion to dismiss, a court may consider "documents [that] have been incorporated into the complaint by reference or are matters of which a court may take judicial notice." *Orellana v. Mayorkas*, 6 F.4th 1034, 1042-43 (9th Cir. 2021). A court may assume an incorporated document's contents are true for purposes a motion to dismiss under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). The Court may grant a 12(b)(6) motion to dismiss based on the application of an affirmative defense where the allegations set forth in the complaint and any judicially noticeable facts establish the defense. *Asarco, LLC v. Union Pac. R.R. Co*., 765 F.3d 999, 1004 (9th Cir. 2014).

## IV: DISCUSSION

### A. Plaintiffs' complaint contains sufficient factual allegations, accepted as true, to state plausible claims to relief against Defendants.

Defendants contend that Plaintiffs' claims fail to state a claim as a matter of law because they are barred by the doctrine of res judicata, which precludes Plaintiffs from litigating the same claims previously resolved on the merits by the Justice Court. (Doc. 14, p. 6). Alternative. Plaintiffs contend that the doctrine of collateral estoppel precludes Plaintiffs from relitigating the same issue. (Id., p. 13).

Plaintiffs argue that the record in the Underlying Action does not in itself permit claim preclusion (res judicata) or issue preclusion (collateral estoppel). (Doc. 15, p. 2). Plaintiffs argue that Defendants have not met the elements of claim preclusion (res

judicata) as they have not demonstrated that their Fair Housing Act claims, including claims for reasonable accommodation, discrimination, and retaliation constitute the same transaction as the eviction proceeding. (Id. p. 7). According to Plaintiffs, Defendants have not demonstrated that these issues, remedies, and statutory obligations presented in Plaintiffs' current Complaint were litigated and necessarily decided by final judgment on the merits by a court of competent jurisdiction in the Underlying Action. (Id., pp. 5, 8).

Plaintiffs further argue that Defendants have not established entitlement to dismissal based upon collateral estoppel. (Doc. 15, p. 8). Even accepting the Justice Court's conclusion that Defendants' requirement to have tenants complete a screening for animals was not retaliatory nor discriminatory, it does not establish that the identical issue presented here was litigated and decided. The Underlying Action's conclusion does not resolve whether Defendants complied with the Fair Housing Act's requirement to provide reasonable accommodation. (Id.).

The Court determines that taking the allegations of Plaintiffs' Complaint as true, as the law requires, the Complaint states plausible claims against Defendants. Whether Plaintiffs' Fair Housing claims were litigated in the Underlying Action, involving an eviction action filed against them by Avenue5, requires a more fully developed factual record.

Justice Courts are courts of limited jurisdiction. Mont. Code Ann. §§ 3-10-301 and 302. Mont. Code Ann. § 25-31-101 provides that in an unlawful detainer action "any question properly involved therein may be determined." The Court lacks the

necessary information to determine whether res judicata precludes this action, including determining whether this action raises different issues than the Justice Court action and whether the Justice Court was able to fully adjudicate Plaintiffs' current claims. *Thornton v. Alpine Home Center*, 38 P.3d 855, 859 (Mont. 2001). Further, the Court requires further information to determine whether Plaintiffs' claims are barred by collateral estoppel, which requires a determination of whether the eviction proceeding in which Plaintiffs raised the FHA as a defense, provided them with the full and fair opportunity to fully litigate their affirmative FHA claims and the remedies alleged in this action.

Once the factual record is more fully developed, the Court will entertain summary judgment motions, which will allow the Court to properly evaluate whether res judicata or collateral estoppel bar any or all of Plaintiffs' claims.

**V. CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is **DENIED.**

DATED 14th day of August 2026.

John Johnston
United States Magistrate Judge